## Greene-Dreher Legion Home License. No. 2

*Sidney L. Krawitz*, for appellant.

*Paul R. Selecky*, Special Deputy Attorney General, for Pennsylvania Liquor Control Board.

DAVIS P. J., January 15, 1951.—This matter comes before the Court a second time on appeal of Greene-Dreher Legion Home Corporation of Greene Township, Pike County, Pa., from refusal of the Pennsylvania Liquor Control Board to grant a club liquor license.

One of the reasons originally advanced by the board for refusal of this license, was that the Act of June 24, 1939, P. L. 806, sec. 3, 47 PS §744-1003, giving the board power to increase licenses above the quota in any municipality which in the opinion of the board was located in a resort area, did not apply to clubs. In our opinion of July 12, 1949, we considered this question and concluded that the act did apply to clubs, and referred the matter back to the board: Greene-Dreher Legion Home License, 69 D. & C. 425. The board considered the matter and, after hearing, again refused to issue the license. In a written opinion it assigned the following reason for its action:

"It is conceded by the board that applicant's premises are actually located in a section of the State which is commonly regarded as a resort area. However, the board is of the opinion that the licenses now in effect in Greene Township, Pike County, are sufficient to serve the requirements of its citizens, as well as those people who may have occasion to come into the township by reason of its location within a resort area.

"For this reason, the board, in the exercise of the discretion authorized by law in the matter of applications for club liquor licenses, is of the opinion that this application for a new club liquor license in excess of the quota of licenses prescribed by law for Greene Township, Pike County, should be refused."

The evidence discloses that on March 9, 1949, the board did grant a restaurant license to Fred R. Wagner for premises situate in Greene Township, Pike County, Pa., in close proximity to premises of applicant. Obviously, this license was granted, in the dis-

cretion of the board, under the resort section of the Liquor Law hereinbefore cited. We do not approve or condone the granting of this license after refusing to grant a license to this applicant. If there was need for an additional license in this township we feel that this applicant, whose membership is made up of outstanding, reputable citizens of the community, should have been granted a license. However, the basic power to grant or refuse liquor licenses is not lodged in the courts but in the Pennsylvania Liquor Control Board. The court, under the circumstances of this case, can overrule the board only if it finds under the evidence in the case that the board has abused the discretion granted to it by statute.

In Dauphin County Grand Jury Investigation Proceedings (No. 3), 332 Pa. 358, 364, the Supreme Court approved a definition of the term discretion enunciated in Paschall v. Passmore, 15 Pa. 295, 304 (1850), as follows:

" 'The very term [discretion] itself, standing alone and unsupported by circumstances, imports the exercise of judgment, wisdom, and skill, as contradistinguished from unthinking folly, heady violence, and rash injustice'."

Considering the fact that under a club license the sale of liquor is restricted to club members only, we cannot say that the action of the board was "unthinking folly, heady violence, and rash injustice." If there was need for another license in Greene Township we believe the issuing of a license to this club, which is made up of a large number of members, would have relieved the pressure on existing license holders to the extent that they could adequately provide accommodations for the resort patron. However, we cannot say that sincere and responsible persons would not disagree with this conclusion; consequently, it is our duty to sustain the board.

And now, January 15, 1951, the appeal is dismissed and the order of the Pennsylvania Liquor Control Board is sustained.